| | |
|---|---|
| Robert E. Burns | |
| vs. | Eq. No. 10189 |
| Isabella G. Burns | |

May 1, 1931.

BAKER, J. Heard on bill, answer and proof.

The bill in this case seeks to have cancelled and terminated a certain marriage agreement entered into by the parties hereto.

The principal ground relied upon by the complainant for the granting of the relief is that the respondent without justifiable cause left him in May, 1922, and has since lived separate and apart from him, notwithstanding efforts on his part to bring about a reconciliation and resumption of the marital relation. He claims, therefore, that she has been guilty of such misconduct as would forfeit any rights she might have under the aforesaid marriage agreement.

From 1922 up to the present time the parties herein have engaged almost continuously in some form of litigation relating to their marriage status. An examination of the records of this litigation and the testimony herein reveals that it is conclusively settled that the respondent did leave the complainant's home without justifiable cause. It was so held in *Burns* vs. *Burns*, 136 Atl. 14 and *Burns* vs. *Burns*, 50 R. I. 129.

There is testimony presented, orally and by way of a group of letters introduced as exhibits, which tends to show that since June, 1929, for nearly a year, the respondent did apparently make some overtures toward bringing about a reconciliation and the resumption of the marital relation. The complainant never definitely answered the respondent's suggestions in this connection but made certain counter offers and conditions, which apparently the respondent did not feel that she could or should meet. Nothing came of these attempts to bring about harmony. As a matter of fact, a careful examination of this correspondence and consideration of the testimony introduced raises a very serious question in the mind of the Court whether the parties were sincere in their suggestions of settlement and reconciliation. The effect left with the Court is that they were engaged in maneuvering for an advantageous position. If the letters were actually written by the parties themselves, the Court has no doubt that at least they were composed in part and censored by the attorneys of the respective parties. Also, the sug-

gestions relating to the starting of a home and the resumption of marital relations emanating from the respondent in 1929 seem to the Court to be somewhat late, coming as they did after prolonged litigation and approximately seven years after the original separation.

Taking the whole situation into consideration, the Court is of the opinion that the evidence of sincere reconciliation, as applying to the efforts of both parties, is not very satisfying or conclusive.

The respondent urges, however, very vigorously that as a matter of law this bill can not be maintained in its present form. It appears that a bill filed about March 29, 1927, by the present respondent and numbered Equity 8402 in the files of this Court, was brought to establish the validity and provide for the specific enforcement of the so-called marriage agreement which is the matter of dispute in the case at bar. The said case, Equity No. 8402, proceeded to a hearing and a decree was entered June 21, 1929, establishing the validity of the marriage agreement in question. An appeal from this decree was taken in due course but this appeal was later withdrawn and the decree in question now stands as a final decree.

The respondent claims that the present bill, while not so named, is as a matter of fact a bill of review and as such has not been properly brought.

Various questions relating to bills of review are discussed at considerable length in Storey's Equity Pleadings, 10th ed. Secs. 403, 412, 421, 422. It would appear that a bill of review is brought only after a decree has become final; that the prayer is that the original decree may be reviewed and reversed, and that the grounds for the bringing of a bill of review are two, namely: for an error of law appearing in the decree, and, secondly, for discovery of new matter. Further, it would seem that before a bill can be filed on the second ground, leave of the Court must be obtained and an affidavit should be filed stating the nature of the new matter and that it could not be used or produced in the previous trial, and that the complainant in the bill of review has been guilty of no laches.

At the time the present bill was brought the appeal from the decree entered in Equity No. 8402 had not been withdrawn and was still pending. There would, therefore, seem to be serious question whether the bill in the case at bar could properly be considered a bill of review.

In the case of *Quinn* vs. *Hall, Jr.*, 37 R. I. 56, the Court held that the real nature of a bill in equity should be determined by its substance rather than by its mere form. In that particular case the Court had before it a bill seeking to impeach a decree on the ground of fraud and it was held that the bill was an original bill in the nature of a bill of review.

After careful consideration it would appear to the Court that the present bill, when brought, was possibly a supplemental bill in the nature of a bill of review. Such a bill is apparently used where the decree is not signed or enrolled and seeks a re-hearing of the original cause. Otherwise it is similar to a bill of review. It is not claimed that any error of law appears on the record in the decree entered in Equity No. 8402. It seems clear that to maintain a supplemental bill in the nature of a bill of review, where the bill is based on new matter, an affidavit relating to such new matter should be filed and the consent of the Court obtained. None of these things, of course, have been done in the present proceeding. The complainant is seeking to treat the present bill as an entirely new and original proceeding apart from Equity No. 8402, but, after careful consideration, it appears to the Court that in substance it is, as a matter of fact, a supplemental bill

in the nature of a bill of review and, as such, should have the necessary affidavits and consent before being brought.

The respondent by way of defence to the present bill also argues that the complainant had ample opportunity to raise the question of his wife's misconduct in leaving him in 1922 in his answer in Equity No. 8402 as a reply to her claim that the so-called marriage agreement was valid, and that his failure to do so then precludes him from now bringing a separate bill on this ground for the purpose of attacking the validity of such agreement.

The Court is of the opinion that there is considerable force in the respondent's claim. Undoubtedly it was the duty of the present complainant —then the respondent in Equity No. 8402—to answer that bill fully in so far as he was able at that time. He would have no right to withhold a matter of defence and then make it the ground of a separate bill later. As a matter of fact, the record in the case Equity No. 8402 shows that he answered that bill by claiming that he did not make any such marriage agreement and, if so, that it was testamentary in character. The question of his wife's leaving him and thereby conducting herself so as to invalidate the agreement, if any, was not raised, although it would appear that he had full knowledge at that time of such a situation and could have raised the question if he had seen fit.

Under these circumstances, the Court believes that he has placed himself in a position where he has waived whatever right he might have to bring up in its present form the question of his wife's leaving him as an answer to the enforcement of the so-called marriage agreement.

Accepting as proved, however, the respondent's misconduct in leaving the complainant in 1922, and assuming that the present bill is properly brought and that the complainant has not waived any right he may have had to raise the question he is seeking to raise herein, there is very serious doubt in the mind of the Court whether the complainant could prevail. He cites as supporting his position the case of *Veeder* vs. *Veeder*, 195 Ia. 587, 29 A. L. R. 191.

This particular case undoubtedly supports in substance his main contention that desertion by a wife without justifiable cause forfeits her rights under an ante-nuptial contract. It would appear, however, that the cases on this point are in conflict, and that the weight of authority favors the view that subsequent marital misconduct of a spouse does not forfeit his or her rights under the marriage contract or gift, either ante-nuptial or post-nuptial, unless there is fraud in the inception of the transaction or a deliberate purpose to violate the marriage vows at the time the contract is made.

29 A. L. R. 199, Note;

*Schnepfe* vs. *Schnepfe*, 124 Md. 330.

No such fraud or deliberate purpose would appear from the testimony in this case.

After careful consideration of the facts in the present case and the law applying to the same, the Court is of the opinion that the complainant is not entitled to maintain his bill in its present form and the prayers of the bill are denied and the bill is dismissed.

For complainant: Cooney & Cooney.

For respondent: Curran, Hart, Gainer and Carr & O'Shaunessy & Cannon.